UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERYL L. PAYNE, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiff,<br><br>     v.<br><br>COMMUNITY HEALTH AIDE SERVICES, INC. d/b/a COMMUNITY HOME HEALTH CARE; JOHN DOE #1-5, manager(s), unknown names<br><br>       Defendants. | **CIVIL ACTION**<br><br>Case No.:   7:20-cv-1276<br><br>**PLAINTIFF'S COLLECTIVE ACTION & CLASS ACTION COMPLAINT & JURY DEMAND** |

Plaintiff Sheryl L. Payne (hereinafter "Plaintiff), individually and on behalf of all other persons similarly situated, by way of Collective Action & Class Action Complaint against Defendant Community Health Aide Services, Inc. d/b/a Community Home Health Care and John Doe #1-5 (hereinafter collectively "Defendant" or "Community Home"), states, upon information and belief, as follows:

**INTRODUCTION**

1. Plaintiff alleges on behalf of herself and on behalf of other similarly situated current and former employees of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA") that among other things, they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by law; (ii) unpaid wages for hours worked but not paid for; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendant's violations lacked a good faith basis; (iv) pre-judgment interest; (v) post-judgment interest; (vi) statutory attorneys' fees and costs; and (vii) appropriate injunctive relief.

1

2. Plaintiff further alleges on behalf of herself and on behalf of other similarly situated current and former employees of Defendant pursuant to the New York Labor Law, and its supporting regulations, the New York Health Care Worker Parity Act, and the Wage Theft Prevention Act, that among other things, they are entitled to unpaid wages for hours worked and unpaid overtime wages, spread of hours pay, prejudgment interest, post-judgment interest, and attorney's fees and costs.

### NATURE OF THE ACTION

3. Plaintiff alleges on behalf of herself and on behalf of others similarly situated current and former employees of Defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived the Plaintiff and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) unpaid wages for hours worked but not paid for; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iv) pre-judgment interest; (v) post-judgment interest; (vi) statutory attorneys' fees and costs; and (vii) appropriate injunctive relief.

4. The Plaintiff also bring this action on behalf of herself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New York Labor Law, Wage Theft Prevention Act, and New York Healthcare Worker Wage Parity Act, by Defendant, that have deprived the Plaintiff and other similarly situated of their lawful (i) wages from Defendant for

overtime work for which they did not receive overtime premium pay as required by law; (ii) unpaid wages for hours worked but not paid for, including wages as required under the Wage Parity Act; (iii) spread of hours work performed for which they did not receive an extra hour of pay, as required by the New York Labor Laws Section 650 *et seq* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendant's violations of the Wage Theft Prevention Act ("WTPA") because Defendant did not provide proper pay-rate notices to Plaintiff; (iv) pre-judgment interest; (v) statutory attorneys' fees and costs; and (vi) appropriate injunctive relief.

## THE PARTIES

5. Plaintiff is an individual who resides in the State of New York, and who is a current employee of Defendant.

6. Defendant Community Health Aide Services, Inc. d/b/a Community Home Health Care is a New York domestic business corporation, which conducts business in the State of New York.

7. Community Home's principal office is located at 49 North Airmont Road, Montebello, New York.

8. Defendant Community Home has multiple offices in the State of New York, and runs a large operation with many employees.

9. Defendants John Does #1-5 are individuals, true names unknown at this time, affiliated with the Defendants.

10. Defendants are "employers" as defined in the Fair Labor Standards Act and the New York Labor Law.

11. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or

in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise was located in this district, and some or all of the transgressions occurred in this district.

## CLASS & COLLECTIVE ACTION ALLEGATIONS RELATING TO THE FLSA, NYLL, AND THE NEW YORK HEALTHCARE WORKER WAGE PARITY ACT

15. The Plaintiff brings FLSA claims on behalf of herself and all similarly situated persons who work or have worked for the Defendants who elect to opt in to this action (the "FLSA Collective").

16. The Defendants are liable under the FLSA for, inter alia, failing to properly compensate the Plaintiff, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

17. Plaintiff also brings this action on behalf of herself and a class of persons under Rule

23 of the Federal Rules of Civil Procedures.

18. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

19. The claims of Plaintiff are typical of the claims of the Rule 23 Class.

20. The Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

21. The Plaintiff, and the Rule 23 Class, work or have worked for Defendants in its business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

22. Plaintiff brings her New York Labor Law claim who were not paid all their wages (including those required by the New York Health Care Worker Wage Parity Act), spread of hour wages and/or overtime wages and/or were not provided the proper notices required by the Wage Theft Prevention Act.

23. The Plaintiff has retained counsel competent and experienced in labor and employment litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

25. It has been Defendants' persistent policy, pattern and practice to fail to pay its employees proper wages as required by law.

26. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, the New York Labor Law, the Wage Theft Prevention Act, and the New York Healthcare Workers Wage Parity Act. This pattern and practice include but is not limited to:

    (a) Willfully failing to accurately record all of the time that its employees, including the Plaintiff and the Class Members, have worked for the benefit of the Defendants;

    (b) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL; and

    (c) Willfully failing to pay its employees, including the Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week, as well as failing to pay spread of hours pay.

    (d) Willfully failing to pay its employees, including the Plaintiff and the Class Members, wages for hours that they worked, in violation of the Wage Parity Act.

27. Defendants' unlawful conduct has been widespread, repeated and consistent.

28. Pursuant to 29 U.S.C. § 206 and §207, Plaintiff seeks to prosecute her FLSA claims

as a collective action on behalf of all persons who are or were employed by Defendants in the United States at all relevant times, who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

29. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees, including, but not limited to, as home healthcare workers, and were denied premium overtime pay for hours worked beyond forty hours in a week. In addition, they were not properly compensated under the Parity Act.

30. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

31. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

32. Plaintiff seeks to prosecute her wage and hour claims as a class action on behalf of all persons employed by the Defendants at all relevant times, who were not paid statutory overtime compensation, and statutory wages for hours worked.

33. At all relevant times, Plaintiff and other members of the Class were similarly situated because they have been subject to Defendants' common practices, policies, procedures, protocols and plans, including willfully failing and refusing to pay them the required overtime pay, and statutory wages for hours worked.

34. The claims of Plaintiff stated herein are similar to those of other employees and former employees.

## FACTS

35. Defendant Community Home is a licensed home health care agency that has sent Plaintiff to work as a home health aide for numerous customers located in the New York metropolitan area.

36. Plaintiff has been employed by Community Home as a 24-hour shift physician assistance/home health aide worker from on or about August 22, 2015.

37. Plaintiff has been caring for the same patient since her employment began.

38. The patient is a 94 year old woman with serious dementia.

39. The patient is unable to communicate, requires use of adult diapers, and requires Plaintiff to provide total body care.

40. The patient's condition has been regressing and deteriorating, which has required Plaintiff to do a tremendous amount of work to care for her.

41. During day and night, Plaintiff must reposition her patient every 2-3 hours.

42. During her employment, Plaintiff has not been paid full regular wages for all of her hours worked and had not been paid overtime for all of her hours worked over 40 hours in a workweek.

43. Furthermore, Plaintiff not paid an extra hour of pay for her hours worked over a spread of 10 hours per day.

44. Plaintiff never received a wage notice from Defendants as required by law, and was never properly informed in writing about her pay rate.

45. In addition, Plaintiff never received a proper work schedule in advance of her assignments.

46. At first, in 2015, Plaintiff generally worked four days per week.

47. Then, on or about April 6, 2019, Plaintiff's work schedule was changed to 3 days per

week.

48. And, from December 19, 2019 to approximately January 2020, Plaintiff was required to work 7 days per week because her co-worker was away.

49. Plaintiff was not given at least 8 hours of sleep (with at least 5 hours of uninterrupted sleep).

50. Nor was Plaintiff given at least 3 hours of meal break time.

51. And because the "13 hour rule" does not apply, Plaintiff was not properly compensated for all hours worked.

52. Plaintiff slept on a couch, in a room adjacent to her patient, but she was hardly able to sleep because she was required to wake up every 1-2 hours to check on her patient.

53. In fact, her patient often coughs, which appears to sound like choking.

54. This requires Plaintiff to get up quickly and check on the patient's wellbeing.

55. On average, Plaintiff must interrupt her sleep approximately 5 times each night that she is at her patient's house.

56. Due to the patient's severe needs, Plaintiff's responsibilities have become similar to the constant attention needed to take care of an infant.

57. Plaintiff is not afforded any set meal breaks, and even if she had an opportunity to eat, it is not a legitimate break because she must still watch over and care for her patient.

58. Despite working overtime hours in a given week, Plaintiff never received overtime.

59. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

60. Plaintiff was employed as a non-exempt, hourly, employee, and as such, she was entitled to the proper overtime pay.

61. At all relevant times herein, the FLSA, the New York Labor Law, the Wage Parity Act, and the supporting New York State Department of Labor regulations required Defendants to pay the Plaintiff her regular wages, as well as overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

62. Plaintiff was not paid the required overtime rate of 1.5 times the regular rate, for all hours worked in excess of 40 hours in a given week.

63. In addition, Plaintiff was not even properly compensated for her straight time hours worked.

64. The entire 24-hour period worked by Plaintiff was compensable, but Plaintiff was not paid properly for these hours.

65. Defendant Community Home is liable for wage and hour violations for each and very week.

66. The paystubs do not indicate, or account for, all hours that Plaintiff worked.

67. By virtue of the fact that not all hours were accounted for, and by virtue of the fact that Plaintiff worked over 40 hours in a given week without being compensated 1.5 times her regular rate, Defendants have violated the federal and state laws relating to the payment of wages and to the payment of overtime.

68. Defendants willfully failed to pay Plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, the Wage Parity Act, and the supporting New York State Department of Labor regulations.

69. Defendants violated multiple aspects of the federal and state labor laws by mishandling Plaintiff's compensation calculations.

70. By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act, Wage Parity Act, and the New York Labor Law by failing to pay its employee, including the Plaintiff, proper wages and overtime wages as required by law.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages + Unpaid Spread of Hours + Minimum Wage + Wage Theft Prevention Act**
**(Brought on Behalf of the Plaintiff and all Rule 23 Class Members)**

71. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

72. At all relevant times, Defendants employed Plaintiff and the Rule 23 Class member within the meaning of the New York Labor Law §§ 2 and 651.

73. Defendants willfully violated plaintiff and the Rule 23 Class members' rights by failing to pay them overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times their regular rate of pay to which the plaintiff was entitled under New York Labor Law 652, in violation of 12 N.Y.C.C.R.R. 142-2.2

74. And if Defendant alleges that the total payment received by Plaintiff represents payment for *all* hours worked by her, then Defendants also failed to meet the minimum wage requirements under the New York Labor Law and minimum wage and benefits requirements under the Wage Parity Act.

75. Defendants also failed to properly compensate Plaintiff with spread-of-hours pay.

76. Defendants' failure to pay overtime and Defendants' failure to pay spread-of-hours pay was willful and in violation of the meaning of New York labor Law § 663, Wage

Theft Prevention Act, and supporting regulations.

77. In addition, Defendants willfully violated Plaintiff's rights under the New York Labor Law and Wage Theft Prevention Act by failing to provide her with proper pay notices and statements.

## SECOND CAUSE OF ACTION
**Unpaid Wages Under the NY Labor Law and NY Healthcare Worker Wage Parity Act
(Brought on Behalf of the Plaintiff and all Rule 23 Class Members)**

78. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

79. At all times relevant to this action, Plaintiffs and the Rule 23 Class Members were employed by Defendants within the meaning of New York Labor Law §§2 and 651, and the NY Healthcare Worker Wage Parity Act.

80. Plaintiff worked more hours than those reflected by Defendants' "employment records." She was not compensated by Defendants for all hours she worked.

81. Defendants failed to pay Plaintiffs and the Class Members wages for hours worked in violation of New York Labor Law Article 6, and the NY Healthcare Worker Wage Parity Act.

82. Defendants cannot argue that the "13-hour rule" applies because they have not met the prerequisites for the application of such a rule.

83. Therefore, Defendants have failed to pay Plaintiff all wages which are legally owed to her and which she earned.

84. Due to Defendants' violations of the aforementioned laws, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well reasonable attorney's fees and costs, including interest.

## THIRD CAUSE OF ACTION
### Violation of the Fair Labor Standards Act – Minimum Wage + Unpaid Overtime
### (Brought on behalf of Plaintiff and the FLSA Collective)

85. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

86. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 USC 206(a) and 207(a).

87. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

88. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

89. Under the FLSA, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek.

90. At all relevant times, Defendants had a policy and practice of refusing to pay its employees overtime wages equal to time and one half their employees' regular wages for hours worked over forty in a work week in violation of 29 U.S.C. §207(a)(1).

91. And if Defendant alleges that the total payment received by Plaintiff represents payment for *all* hours worked by her, then Defendants also failed to meet the minimum wage requirements under the FLSA.

92. Plaintiff has consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

93. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

94. Defendants have not made a good faith effort to comply with the FLSA in regards to paying Plaintiff's compensation.

95. At all relevant times, Defendants had, and continue to have, a policy or practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated, and continues to violate, the FLSA.

96. By reason of defendants' FLSA violations, the plaintiff and the FLSA Collective are entitled to recover from defendants their unpaid wages and overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
**Unpaid Wages Under the Fair Labor Standards Act**
**(Brought on Behalf of the Plaintiff and the FLSA Collective)**

97. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

98. Defendants willfully failed to pay Plaintiffs and the FLSA Collective wages for hours worked in violation of 29 U.S.C. §206(a).

99. Defendants cannot argue that the "13-hour rule" applies because they have not met the prerequisites for the application of such a rule.

100. Therefore, Defendants have failed to pay Plaintiff all wages which are legally owed to her and which she earned.

101. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to compensating the Plaintiff.

102. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

103. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issues such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B. Certification of this case as a collective action pursuant to the FLSA;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Representative Plaintiffs as representatives of the Rule 23 Class, and counsel of records as Class Counsel;

E. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., the supporting New York State Department of Labor regulations, and the New York Healthcare Worker Wage Parity Act;

F. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

G. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to New York Labor Law, the supporting New York State Department of Labor regulations, and the New York Healthcare Worker Wage Parity Act, unless the state law claims are certified as a class action;

H. Unpaid overtime;

I. An injunction requiring Defendants to pay all statutory-required wages and comply with all other legal requirements detailed herein, pursuant to NY Labor Law and FLSA;

J. Liquidated damages;

K. Pre-judgment interest;

L. Post-judgment interest;

M. Attorneys' fees and costs of the action; and

N. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
February 13, 2020

/s Heng Wang_____
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:    (212) 203-5231
Fax:    (212) 203-5237
heng.wang@wanggaolaw.com
*Attorneys for Plaintiff, proposed FLSA Collective
and potential Rule 23/Wage Parity Act Class*

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

To: Community Health Aide Services, Inc. d/b/a Community Home Health Care

PLEASE TAKE NOTICE THAT Plaintiff and others similarly situated, as employees of the above corporation, intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

WE HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
      February 13, 2020

      /s Heng Wang_____
      By: Heng Wang (HW0786)
      Heng Wang & Associates, P.C.
      305 Broadway, Suite 1000
      New York, NY 10007
      Tel:   (212) 203-5231
      Fax:  (212) 203-5237
      heng.wang@wanggaolaw.com
      *Attorneys for Plaintiff, proposed FLSA Collective and potential Rule 23/Wage Parity Act Class*