*Knowledge, Focus, Expertise*

305 Broadway, Suite 1000
New York, NY 10007
Telephone: (212) 203-5231
Facsimile: (212) 203-5237

**HENG WANG &
ASSOCIATES P.C.**

January 6, 2021

<u>VIA ECF</u>
Honorable Judge Philip M. Halpern
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     Joint Letter Motion Requesting Court Approval of Settlement Agreement
        *Payne v. Community Health Aide Services, Inc., et al.,* 7:20-cv-01276-PMH

Dear Judge Philip M. Halpern:

The Parties write jointly to report that they have agreed to a settlement of all claims in this matter. Attached as **EXHIBIT A** is a copy of the Settlement Agreement.

### I. Background

Plaintiff Sheryl Payne ("Plaintiff") alleges that she was employed by Defendant Community Health Aide Services, Inc. d/b/a Community Home Health Care ("Defendant") since August 22, 2015.

This lawsuit was originally filed on February 13, 2020, for alleged violations of the Fair Labor Standards Act ("FLSA"), Wage Theft Prevention Act ("WTPA") and the New York Labor Law ("NYLL"). Plaintiff alleged that she is entitled to recover from Defendant, among other things, (1) unpaid overtime wages, (2) unpaid wages, (3) unpaid minimum wages (4) liquidated damages, (5) prejudgment and post-judgment interest, and (6) attorneys' fees and costs.

Defendant has denied liability, asserting various defenses.

### II. The FLSA Settlement is Fair and Reasonable.

Based on the estimated total damages, the total sum of Seventy-One Thousand Dollars ($71,000.00) (inclusive of Plaintiff's legal fees and costs) is fair and the proposed settlement agreement should be approved. The parties reasonably assessed

that exchanging extensive documents, taking depositions, expending hours of attorney time, and analyzing to determine calculations with precision was, on balance, less preferable than settling for a reasonable amount. This settlement was the result of mediation taking place over two sessions and an arms'-length bargaining between experienced counsels.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked; she was not paid all wages that are legally owed to her; she was not properly compensated with spread-of-hours pay and she was not paid one and one-half times the regular rate for overtime hours. Plaintiff also alleged that she was not provided with proper pay notices and statements. Defendant asserted that it is not Plaintiff's employer under the regulatory program through which she was hired, and merely served as the fiscal intermediary. Defendant also raised the "13-hour-rule" as a defense, alleging that the law permits it to pay Plaintiff for 13 hours for each 24-hour shift. Although Plaintiff vigorously disputes Defendant's position, this issue would require the parties' substantial efforts to litigate, not to mention the inherent risk in litigation. If this settlement agreement does not go through, then the parties may go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the severe risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues, and the Court's approval of this Settlement Agreement would be appropriate.

While the Second Circuit's ruling in <u>Cheeks</u> did not outline the factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, overly broad release, and attorneys' fees over 40% without adequate documentation. <u>Cheeks v. Freeport Pancake House, Inc.,</u> 796 F. 3d 199, 206 (2d Cir. 2015). This Agreement contains none of these factors that would preclude approval of this settlement. First, there is no confidentiality provision in the Agreement. Second, Plaintiff's release in this case is limited to her claims that relate to her compensation or any wage and hour violations. Third, attorneys' fees requested are not over 40% of the recovery, and are supported by adequate documentation. Fourth, the Agreement contains no restriction on Plaintiffs' counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiffs' economic desperation.

The Court is familiar with FLSA litigation, where the vast majority of the cases are settled. In this FLSA matter, Defendant alleged that Plaintiff was a personal assistant for a Medicaid consumer for whom Defendant served as a fiscal intermediary, the $71,000.00 settlement falls within the range of reasonableness in light of the best possible recovery and the risks of litigation and collection and therefore should be approved.

### III. The Attorneys Fees are Fair and Reasonable.

Defendant will make a lump sum payment of Seventy-One Thousand Dollars ($71,000.00), including the attorney's fees and costs. Pursuant to the contingency retainer agreement with Plaintiff, Plaintiff's counsel is entitled to 40% of the net recovery, or statutory attorney's fees, whichever is greater. Pursuant to Plaintiff's counsel's billing records (**EXHIBIT B**), the legal costs incurred as of December 2, 2020 amounts to $53,325 in fees and $771.25 in costs, when the parties started to work on the written settlement agreement. However, other than the costs, Plaintiff's counsel requests an award of only $28,091.50 as attorney's fees.

Plaintiff's counsel's fees are fair and reasonable, given the time spent by Plaintiffs' counsel and the complexity of this dispute. Such work includes interviewing Plaintiff, investigating extensive factual information, preparing a Complaint, preparing damages calculations, conducting legal research, analyzing a substantial amount of evidence involved, negotiating with Defendant's counsel, attending multiple mediation sessions, negotiating and finalizing the settlement agreement terms, and preparing this submission. The billing records also reflect extensive and numerous rounds of communication with the client to update case status and discuss case facts, strategy, and settlement. The legal work on behalf of Plaintiff was primarily handled by Heng Wang, Esq. and Jacob Teble, Esq., whose rates are $450 per hour and $375 per hour, respectively. Heng Wang, Esq. is the founding partner of Heng Wang & Associates, P.C. Mr. Wang has extensive experience in handling FLSA litigation, and have repeatedly obtained large recovery in FLSA litigation and received praises of the court for his skillful and effective handling of cases. For instance, the Honorable Jack B. Weinstein regarded Mr. Wang as a "a highly skilled attorney" and "had a fine understanding of the labor law involved." Jacob Tebele, Esq. also has extensive experience in FLSA litigation, and has been involved in numerous FLSA litigation matters, including large scale collective and class action matters. Mr. Wang and Mr. Tebele's hourly rates have been repeatedly approved by the federal courts in FLSA litigation cases. See, e.g., Wu, et al. v. The Dolar Shop Restaurant Group LLC, et al., Case No. 19-cv-21774, Dkt. No. 14 (D.N.J. 2020); Deng, et al. v. The Dolar Shop Restaurant Group LLC, et al., Case No. 19-cv-21775, Dkt. 16 (D.N.J. 2020); Middleton v. Kaufman, et al., Case No. 19-cv-9830, Dkt. No. 22 (S.D.N.Y. 2020). Overall, the attorney's fees requested are substantially less than the amount pursuant to a lodestar analysis, and thus should be approved.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.


Heng Wang & ASSOCIATES, P.C.   HERRICK, FEINSTEIN LLP
305 Broadway, Suite 1000      Two Park Avenue
New York, New York 10007      New York, New York 10016

By:    /s/ Heng Wang
       Heng Wang, Esq.
       *Counsel for Plaintiff*


Dated:    January 6         , 2020

By:      /s/ Avery Mehlman
         Avery S. Mehlman, Esq.
         Shivani Poddar, Esq.
         *Counsel for Defendant*


Dated:    January 6            , 2020

# EXHIBIT A

# SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Joint Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between SHERYL PAYNE ("Payne") and COMMUNITY HEALTH AIDE SERVICES, INC., doing business as COMMUNITY HOME HEALTH CARE ("Community") (singularly, a "Party" and collectively, the "Parties"), as of December 29, 2020 (the "**Effective Date**"), as follows:

**WHEREAS**, on February 13, 2020, Payne filed an action in the United States District Court for the Southern District of New York ("the **Court**") against Community docketed as *Payne v. Community Health Aide Services, Inc., et al.*, 7:20-cv-01276-PMH, in which she asserted various claims for unpaid wages under the Fair Labor Standards Act and New York Labor Law (the "**Action**"); and

**WHEREAS,** Community denies all of the material allegations that Payne asserted and denies that it violated any law, rule, or regulation or committed any wrong whatsoever against Payne; and

**WHEREAS**, the Parties dispute whether and to what extent Payne may recover any wages allegedly due; and

**WHEREAS**, the Parties, notwithstanding the existence of a genuine dispute between them, have agreed in good faith to avoid the time, expense, burden, uncertainty, and distraction of engaging in further litigation by fully and finally resolving the Action and settling, in full, all wage and hour claims that Payne had, has, or may have against Community; and

**NOW, THEREFORE**, the Parties hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.     **Incorporation of Recitals.** The foregoing recitals are a material part of this Agreement.

2.     **Settlement Amount**. Community shall pay to Payne the total gross sum of Seventy-One Thousand Dollars ($71,000.00) (the "**Settlement Amount**") as follows:

    (a)     Within ten (10) days after the Court's approval of the Agreement, Community shall forward to Payne's counsel three checks for a combined total of $71,000.00, made payable as follows:

i.  one paycheck drawn in the gross amount of $21,068.63 net of applicable tax and other required withholdings, deductions, and contributions, to the order of SHERYL PAYNE, representing payment of economic damages;

ii.  one check drawn in the amount of $21,068.62 to the order of SHERYL PAYNE, representing payment of liquidated damages; and

iii.  one check drawn in the amount of $28,862.75 to the order of HENG WANG & ASSOCIATES, P.C., representing $28,091.50 in attorney's fees and $771.25 in costs.

The times, time periods set forth herein are herby expressly made to be of the essence and an essential component of this Agreement.

(b)  All payments set forth above shall be delivered to or mailed to Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, New Jersey 08840, att'n Heng Wang, Esq.

3.  **No Other Payments Due and Owing**. Payne acknowledges that, after receipt of the Settlement Amount, she has been properly paid for all hours worked for Community, that all salary, wages, commissions, bonuses, gratuities, payouts, severance pay, vacation pay, benefits and other compensation due to Payne has been paid in full, and she is not entitled to any other form of compensation from Community or arising from her association with Community.

4.  **Taxability of Settlement Amount**.

(a)  Payne acknowledges and agrees that she has not relied upon any advice whatsoever from Community or Community's counsel as to any provision of this Agreement, as to the taxability, whether pursuant to federal, state or local income tax statutes or regulations or otherwise, of the payments made, actions taken, or consideration transferred hereunder and that she shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes (including penalties and interest) on the Settlement Payment.

(b)  Payne acknowledges that Community will issue her an IRS form W-2 at the appropriate time for all amounts representing Payne's economic damages described in subparagraph 2(a)(i) above and that such amount shall be subject to tax withholding and/or reporting as required by federal, state and local law in accordance with an IRS form W-4 to be transmitted by Payne at the time she transmits an executed copy of this Agreement to Community.

(c)  Payne acknowledges that Community may issue her an IRS form 1099 at the appropriate time with respect to the checks described in subparagraph 2(a)(ii) above, for all amounts representing liquidated damages. Payne shall be solely responsible for all taxes, interest and penalties due with respect to such amount. Payne shall indemnify and hold harmless Community from and against any and all tax liabilities, interest and penalties that may be assessed

or incurred as a result of not withholding money or issuing or reporting payments made under this paragraph including, but not limited to, liability for deductions, income withholding taxes, including federal, state or local income taxes, social security taxes, federal state or local unemployment or disability premium payments or taxes, or any other taxes which customarily are withheld from or paid with respect to employee compensation, with the exception of payroll taxes paid by Community.

      (d)    With respect to payments received pursuant to this Agreement that are characterized as attorneys' fees, costs, or expenses, described in subparagraph 2(a)(iii), Payne's counsel assumes full responsibility for any and all federal, state, and local taxes or contributions that may hereafter imposed or required to be paid pursuant to any federal, state, or local law or regulation.

    5.    **Mutual Release.**

      (a)    In consideration for the Settlement Amount, Payne, acting on her own free will and volition, and on behalf of herself and her heirs, administrators, executors, representatives, agents, successors, assigns, legal and/or personal executors (collectively, the "Releasors"), hereby agrees to dismiss the Action with prejudice, and forever waive, release, acquit, relinquish, and fully discharge Community, as well as Community's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, including without limitation anyone employed by or affiliated with Community, both individually and in their official capacities, as well as Community's respective parent companies, affiliates, predecessors, successors, representatives, assigns, subsidiaries, and other related companies (all of said individuals and entities referenced above are, together with Community, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, fees, liabilities, obligations, costs, controversies, bonds, bills, covenants, contracts, agreements, promises, executions, expenses, back wages, attorney's fees, benefits, debts, controversies, damages, and judgments, in law or equity, that relate to her compensation or any wage and hour violations that may have occurred during, arising from, or relating to Payne's employment or engagement with Community, including, but not limited to, any and all claims of unpaid wages, overtime compensation, administrative charges, commissions, improper deductions, travel time, bonuses, penalties, spread-of-hours pay, split shift pay, meal breaks, meal credits, uniform maintenance, uniform reimbursement, expense reimbursement, failure to maintain and furnish employees with proper wage notices and statements, other compensation, wages, or benefits, including, but not limited to, life insurance, accidental death and disability insurance, sick leave, other employer-provided plans or programs, distributions of income or profit, vacation or other leave time, retirement benefits, pension benefits, liquidated damages, and any other claims that were or could have been asserted in the Action under federal, state, and/or local wage and hour laws (including the FLSA, NYLL, New York Code of Rules and Regulations, New York Minimum Wage Order for Miscellaneous Industries and Occupations, New York Wage Theft Prevention Act, and United States Department of Labor, the New York State Department of Labor and the New York Department of Health orders, opinions or rulings regarding

home health care), from the beginning of time through court approval of this Agremeent. This release includes all claims for relief relating to any such released claims, including claims for liquidated damages, punitive damages, penalties, interest, and attorneys' fees, costs, and expenses.

Payne hereby specifically acknowledges that the Agreement, and the monies received by Payne and referenced herein, are a fair and reasonable resolution of a bona fide dispute.

(b)     Releasees hereby agree to forever waive, release, acquit, relinquish, and fully discharge Payne from any and all claims, complaints, causes of action, lawsuits, demands, fees, liabilities, obligations, costs, controversies, bonds, bills, covenants, contracts, agreements, promises, executions, expenses, back wages, attorney's fees, benefits, debts, controversies, damages, and judgments, in law or equity arising from, or relating to Payne's employment or engagement with Community from the beginning of time through court approval of this Agreement. This release includes all claims for relief relating to any such released claims, including claims for liquidated damages, punitive damages, penalties, interest, and attorneys' fees, costs, and expenses.

6.     **Non-Admission of Wrongdoing**. By entering into this Agreement, none of the Parties make any admission or concession of wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Community enters into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Payne. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings that preceded it, shall be offered or received in evidence as giving rise to a presumption, concession, or admission of any liability, fault or other wrongdoing on the part of any of the Parties in any civil, criminal, administrative or arbitral proceeding. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions, or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Community, who expressly denies any liability to Payne arising out of or in connection with the Action. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

7.     **Breach**.

    (a) In the event Community breaches this Agreement, Payne may, at her sole discretion,

        i.   enforce this Agremenet; or

        ii.  reopen this action, or file a new action, to continue to pursue Payne's wage and hour claims stated in the Action, as if this Agremenet has never existed,

in which case Community is deemed to have consented to Payne's request to reopen this action. All applicable statutes of limitation for Payne's claims, whether asserted or unasserted, shall be tolled, pending Community's full performance of its obligations stated in this Agreement. If Payne elects to file a new action, it shall relate back to the filing date of the Action.

Nothing in this Agreement shall be deemed to limit Payne's rights or remedies at law or equity in the event of Community's breach, except as set forth herein.

(b) If any party petitions any court or tribunal of competent jurisdiction to enforce the this Agreement or determine breach of the Agreement, the prevailing party, as determined by the court or tribunal, in such proceeding shall be entitled to recover its/their costs of litigation and all of its/their reasonable attorneys' fees, as well as the recovery of reasonable fees and costs incurred to make any fee application, and any reasonable fees and expenses incurred to enforce and/or collect any judgment obtained as to any breaching Party.

8. **Dismissal of the Action**. Within ten (5) days of receipt and clearance of the Settlement Amount, Payne's counsel shall execute and file a Stipulation of Dismissal, in the form annexed hereto as <u>Exhibit A</u>, with the Court dismissing the Action in its entirety with prejudice.

9. **Mutual Non-Disparagement**.

(a) Payne agrees and covenants that she shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning Community or its businesses, or any of its employees, officers, and existing and prospective customers, suppliers, investors, and other associated third parties, now or in the future.

(b) Community agrees and covenants that it, including its employees and officers acting in their official capacity, will not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning Payne, now or in the future.

This Section does not, in any way, restrict or impede Payne from exercising protected rights, including rights under the NLRA, to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order. Payne shall promptly provide written notice of any such order. Nothing herein is meant to prohibit any party from providing documents or testifying truthfully under oath pursuant to any lawful court order to subpoena. Furthermore,

nothing herein shall prohibit any party from making truthful statements regarding their claims related to and/or experience in litigating this case, including statements regarding the resolution of this case by this Agreement.

10. **Construction**. Negotiation of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

11. **Interpretation**. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, and the Parties agree to take any and all steps which are necessary in order to enforce the provisions hereof.

12. **Severability.** It is the Parties' intent that if any provision of this Agreement is determined by a court of competent jurisdiction to be not enforceable, that such provision should be enforceable to the maximum extent possible under applicable law, and that such provision shall be reformed to make it enforceable in accordance with the intent of the Parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

13. **Jurisdiction and Governing Law**. This Agreement, for all purposes, shall be construed in accordance with the laws of the State of New York without regard to conflict-of-law principles. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the United States District Court, Southern District of New York. The Parties hereby irrevocably submit to the exclusive jurisdiction of the foregoing Court and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

14. **Entire Agreement**. This Agreement represents the entire agreement between Payne and Community relating to the subject matter herein. This Agreement may not be amended, supplemented, or modified, nor may any provision of it be waived, except by a written instrument executed by the Parties. Each Party stipulates and agrees that in entering into this Agreement, they are not relying on any representation made by any other Party unless such representation is expressly set forth herein. By signing this Agreement, each of Community and Payne affirms that it and she know of no reason why their respective signatures would be ineffective in any way to bind them.

15. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

16. **Costs**. Each Party shall bear its own attorneys' fees and costs in connection with the negotiation of this Settlement Agreement, except as explicitly set forth herein.

17. **Captions**. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

18. **Notices**. For the purposes of this Agreement, the Parties hereby agree that any notices, correspondence, communications, and payments shall be directed as follows:

| | |
|---|---|
| *For Payne*: | Heng Wang, Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, New Jersey 08840; heng.wang@wanggaolaw.com. |
| *For Community*: | Avery S. Mehlman, Esq., Shivani Poddar, Esq., Herrick, Feinstein LLP, Two Park Avenue, New York, New York 10016; amehlman@herrick.com, spoddar@herrick.com. |

19. **Nature of Settlement**. It is expressly understood and agreed that the terms hereof, including the recital paragraphs and headings, are contractual and that the agreement herein contained and the consideration transferred is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, release or other consideration given shall be construed as an admission by the Parties of any kind or nature.

20. **No Duress**. The Parties represent that they have read this Agreement, understand all the terms herein, and that they are fully aware of its intent and its legal effect and they have not been influenced to any extent whatsoever by any representations or statements made to them by another party except as expressly set forth in this Agreement.

21. **Knowing and Voluntary Acknowledgment**. Payne specifically agrees and acknowledges that: (a) she has read this Agreement in its entirety and understands all of its terms; (b) by this Agreement, she has been advised of the right to consult with an attorney before executing this Agreement, and has consulted with such counsel as Payne deemed necessary; (c) Payne knowingly, freely, and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein; (d) Payne is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Payne is otherwise not entitled; and that (e) Payne is not waiving or releasing rights or claims that may arise after the execution of this Agreement.

22. **Statement of Finality**. The Parties agree that this Agreement provides finality to any possible dispute related to Payne's employment or association with Community and therefore bars any future legal or administrative action in this regard.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the Execution Date above.

Sheryl Payne

Signature: _____

Date: _____ 12/28/2020 _____

Community Health Aide Services, Inc.

Signature: _____

Name:  David Samuels

Title:  Chief Operations Officer & Chief Financial Officer

Date: _____ 12/29/2020 _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERYL PAYNE, individually and on behalf of all
others similarly situated,

Plaintiff,

v.

COMMUNITY HEALTH AIDE SERVICES, INC.
d/b/a COMMUNITY HOME HEALTH CARE;
JOHN DOE #1-5, manager(s), unknown names,

Defendants.

Case No.: 7:20-cv-1276

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE**

 

**WHEREAS**, the parties in this action have reached an agreement in principle to resolve

this matter, which the parties have reduced to writing and submitted to this Court for review and

approval; and

**WHEREAS**, this Court, having reviewed the settlement agreement and deteremined that

the terms of this settlement of this litigation are a fair and reasonable disposition of Plaintiff's Fair

Labor Standards Act claims, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999

(2d Cir. 2015) and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012);

**NOW THEREFORE** upon the joint application of all parties, by their respective counsel,

for entry of an Order of Voluntary Dismissal with Prejudice; and the parties' having consented to

the entry of this Order; and sufficient cause appearing for the same; after due deliberation;

It is **HEREBY ORDERED AS FOLLOWS**:

1.    This action, and all of the claims asserted herein, is hereby dismissed in its entirety

with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), without an award of costs or

attorenys' fees to any party except as provided for in the parties' settlement agreement; and

2.     The Court shall retain jurisdiction over this matter solely to enforce the parties'
settlement.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed
in counterparts with scanned PDF or facsimile signatures treated as originals.

HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, New York 10007

HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, New York 10016

By: _____

      Heng Wang, Esq.
      *Counsel for Plaintiff*

By: /s/ Avery S. Mehlman

      Avery S. Mehlman, Esq.
      Shivani Poddar, Esq.
      *Counsel for Defendant*

Dated: _____, 2020

Dated: December 29 _____, 2020

**SO ORDERED**

Dated: New York, New York
       _____, 2020.

_____
The Honorable Phillip M. Halpern, U.S.D.J.

# EXHIBIT B

# Heng Wang & Associates, P.C.

305 Broadway, Suite 1000
New York, NY 10007
Phone: (212) 513-1183 Fax: (646) 572-8998

## INVOICE

**Date:** 12/22/2020
**Invoice #:** 2499
**Matter:** FLSA
**File #:**

**Bill To:**
Sheryl L. Payne
2133 Snowflake Court
Bushkill, PA 18324

**Due Date:** Due Upon Receipt

**Payment received after 12/22/2020 are not reflected in this statement.**

### Professional Services

| Date | | Details | Hours | Rate | Amount |
|------|------|---------|-------|------|--------|
| 01/27/2020 | HW | A100 Activities<br>meeting w/ client to collect extensive factual information, explain client's wage and hour claims | 1.60 | 450.00 | 720.00 |
| 01/27/2020 | HW | A100 Activities<br>prepare case notes based on comprehensive factual details provided by client | 0.80 | 450.00 | 360.00 |
| 01/27/2020 | HW | A100 Activities<br>conduct fact investigation into the company: online search, New York business entity search, review company website | 0.70 | 450.00 | 315.00 |
| 01/27/2020 | HW | A100 Activities<br>legal research: wage and hours requirements that apply to live-in home care workers | 1.40 | 450.00 | 630.00 |
| 01/29/2020 | HW | A100 Activities<br>Brief case to JT, instruct him to look into claims, including new NY case law, and draft complaint | 0.60 | 450.00 | 270.00 |
| 01/29/2020 | JT | A100 Activities<br>Began reviewing the case file after the meeting with HW and drafted additional case notations; legal research re: NYS Healthcare Worker Parity Act | 0.90 | 375.00 | 337.50 |
| 02/04/2020 | JT | A100 Activities<br>Preparing Complaint; analyzing the underlying evidence in file as well as the legal research HW | 1.40 | 375.00 | 525.00 |

located

| Date | | Activity | Hours | Rate | Amount |
|------|---|----------|------|------|--------|
| 02/05/2020 | JT | A100 Activities<br>Performed additional legal research re: NY Healthcare Worker Parity Act as well as the Healthcare Worker Bill of Rights; researched similar cases and legal analysis from same; further analyzed the underlying evidence and records in the file; Drafted the Complaint | 4.70 | 375.00 | 1762.50 |
| 02/10/2020 | JT | A100 Activities<br>Phone conference with client | 0.20 | 375.00 | 75.00 |
| 02/12/2020 | HW | A100 Activities<br>Review and revise complaint | 1.20 | 450.00 | 540.00 |
| 02/12/2020 | HW | A100 Activities<br>Research: Wage Parity Act requirements, claims, and remedies | 1.50 | 450.00 | 675.00 |
| 02/12/2020 | JT | A100 Activities<br>Further revised Complaint, and then prepared civil cover sheet as per SDNY requirement prior to filing | 0.40 | 375.00 | 150.00 |
| 02/13/2020 | HW | A100 Activities<br>Email correspondence w/ client to update case status | 0.10 | 450.00 | 45.00 |
| 02/13/2020 | JT | A100 Activities<br>Revised initial documents and then filed all of the dockets on ECF; sent email to client with copy of filed documents; outlining the factual and legal issues for discovery | 2.20 | 375.00 | 825.00 |
| 02/18/2020 | JT | A100 Activities<br>R/R Stamped Summons from Clerk of the Court; prepared documents for service and emailed to Delta Process Server; sent email to client re same; R/R Email from client re: notice she received from employer; sent reply; R/R Another email from client; sent reply | 0.30 | 375.00 | 112.50 |
| 02/21/2020 | JT | A100 Activities<br>Phone conf w/ process server | 0.10 | 375.00 | 37.50 |
| 02/25/2020 | JT | A100 Activities<br>Phone conference with process server | 0.10 | 375.00 | 37.50 |
| 02/28/2020 | JT | A100 Activities<br>R/R Email + Affidavit of Service from process server | 0.10 | 375.00 | 37.50 |
| 03/02/2020 | JT | A100 Activities<br>Filed executed summons on ECF; sent email to client re same | 0.10 | 375.00 | 37.50 |

# Heng Wang & Associates, P.C.

305 Broadway, Suite 1000
New York, NY 10007
Phone: (212) 513-1183 Fax: (646) 572-8998

| 03/10/2020 | HW | A100 Activities<br>receive and review email from opposing counsel<br>re: her request to discuss case | 0.10 | 450.00 | 45.00 |
|---|---|---|---|---|---|
| 03/10/2020 | HW | A100 Activities<br>call OC and left a message; send an email to OC<br>re: phone call | 0.10 | 450.00 | 45.00 |
| 03/10/2020 | HW | A100 Activities<br>phone conference w/ opposing counsel to discuss<br>case facts and potential resolution | 0.20 | 450.00 | 90.00 |
| 03/10/2020 | HW | A100 Activities<br>email correspondence w/ opposing counsel re:<br>extension of deadline and relevant information and<br>documents | 0.10 | 450.00 | 45.00 |
| 03/10/2020 | JT | A100 Activities<br>R/R Email from OC re teleconference; R/R 2<br>Emails from OC re deadline to answer complaint | 0.20 | 375.00 | 75.00 |
| 03/13/2020 | JT | A100 Activities<br>R/R Email + Letter from OC re: extension | 0.10 | 375.00 | 37.50 |
| 03/16/2020 | HW | A100 Activities<br>Note e-filing of endorsed letter extending deadline<br>for defendants to respond to complaint | 0.10 | 450.00 | 45.00 |
| 04/03/2020 | HW | A100 Activities<br>Review Answer and Affirmative Defenses, and<br>Rule 7.1 Statement filed by Defendant | 0.40 | 450.00 | 180.00 |
| 04/06/2020 | HW | A100 Activities<br>Note ECF notice of case re-assignment | 0.10 | 450.00 | 45.00 |
| 04/07/2020 | JT | A100 Activities<br>R/R Notice of Initial Conference; notated file,<br>calendared deadlines and then sent email to client<br>re same | 0.20 | 375.00 | 75.00 |
| 04/08/2020 | HW | A100 Activities<br>Note ECF notice re: initial conference | 0.10 | 450.00 | 45.00 |
| 04/17/2020 | JT | A100 Activities<br>phone conference to client | 0.20 | 375.00 | 75.00 |
| 05/14/2020 | JT | A100 Activities<br>Analyzing the records and other underlying<br>evidence in the file and performing calculations | 1.80 | 375.00 | 675.00 |
| 05/18/2020 | JT | A100 Activities<br>Phone call to OC re discovery proposal | 0.10 | 375.00 | 37.50 |
| 05/22/2020 | JT | A100 Activities<br>Phone call to OC + Sent email to OC re: discovery | 0.30 | 375.00 | 112.50 |

plan; R/R Email from OC; sent reply; began
preparing discovery plan

| 05/26/2020 | HW | A100 Activities<br>Conference w/ JT re the purported arbitration issues and underlying documents | 0.20 | 450.00 | 90.00 |
| 05/26/2020 | JT | A100 Activities<br>Phone call to OC + Sent email to OC re: arbitration document and wage and hour documents; R/R Email from OC re same | 0.20 | 375.00 | 75.00 |
| 05/26/2020 | LA | A100 Activities<br>Prepared joint discovery proposal and then sent to OC via email for review; performed research re the Defendant entity | 0.40 | 120.00 | 48.00 |
| 05/27/2020 | JT | A100 Activities<br>Sent email to OC re joint disc plan; R/R Email from OC re: same; legal research re: any special wage laws applicable to health care industry; filed joint disc plan on ECF | 0.60 | 375.00 | 225.00 |
| 05/28/2020 | JT | A100 Activities<br>R/R 2 Emails from OC re: settlement negotiation | 0.10 | 375.00 | 37.50 |
| 05/28/2020 | JT | A100 Activities<br>Phone conference with OC re: settlement negotiation | 0.20 | 375.00 | 75.00 |
| 06/01/2020 | HW | A100 Activities<br>Review of recent emails from defense counsel | 0.10 | 450.00 | 45.00 |
| 06/01/2020 | HW | A100 Activities<br>Phone conference w/ client to discuss information recently learned from defense counsel | 1.00 | 450.00 | 450.00 |
| 06/01/2020 | HW | A100 Activities<br>Conference w/ JT re: case strategy | 0.40 | 450.00 | 180.00 |
| 06/01/2020 | JT | A100 Activities<br>Sent email to client, conveying OC's $5,000 settlement offer | 0.10 | 375.00 | 37.50 |
| 06/01/2020 | JT | A100 Activities<br>Conference with client re case developments | 1.00 | 375.00 | 375.00 |
| 06/02/2020 | JT | A100 Activities<br>Performed additional legal research re: home healthcare aid wage & hour provisions in NY; drafted letter for client and sent to HW via email for approval | 0.50 | 375.00 | 187.50 |
| 06/03/2020 | HW | A100 Activities<br>Review and revise letter for client to send to | 0.20 | 450.00 | 90.00 |

employer

| 06/03/2020 | HW | A100 Activities<br>Receive and review a text message forwarded by<br>client which she previously received from employer | 0.10 | 450.00 | 45.00 |
|---|---|---|---|---|---|
| 06/03/2020 | HW | A100 Activities<br>Email correspondence to client re: letter to her<br>employer re her hours | 0.10 | 450.00 | 45.00 |
| 06/03/2020 | JT | A100 Activities<br>Revised letter and then sent to client via email;<br>research re: hierarchy at the client's employer | 0.30 | 375.00 | 112.50 |
| 06/04/2020 | JT | A100 Activities<br>R/R Email from client; sent reply | 0.10 | 375.00 | 37.50 |
| 06/09/2020 | HW | A100 Activities<br>Review emails from client re: letter to employer | 0.10 | 450.00 | 45.00 |
| 06/09/2020 | JT | A100 Activities<br>R/R 4 Emails from client; Phone conference with<br>client re: her emails sent out today | 0.20 | 375.00 | 75.00 |
| 06/16/2020 | JT | A100 Activities<br>Sent email to HW re: tomorrow's conference;<br>prepared for same | 0.30 | 375.00 | 112.50 |
| 06/17/2020 | HW | A100 Activities<br>Note ECF notice re: mediation referral order | 0.10 | 450.00 | 45.00 |
| 06/17/2020 | JT | A100 Activities<br>Phone conference with client re: recent<br>developments in case status | 0.10 | 375.00 | 37.50 |
| 06/17/2020 | JT | A100 Activities<br>Initial discovery conference with the Judge via<br>telephone | 0.30 | 375.00 | 112.50 |
| 06/17/2020 | JT | A100 Activities<br>R/R Mediation Order; R/R Scheduling Order from<br>Judge | 0.20 | 375.00 | 75.00 |
| 06/17/2020 | JT | A100 Activities<br>R/R 2 Emails from client with timesheet attachment | 0.10 | 375.00 | 37.50 |
| 06/19/2020 | HW | A100 Activities<br>Review and reply email correspondence from client<br>re: recent communication from Defendants | 0.30 | 450.00 | 135.00 |
| 06/19/2020 | HW | A100 Activities<br>Phone conference w/ client to discuss recent<br>communication w/ her employer, and her revised<br>letter to employer | 0.20 | 450.00 | 90.00 |

# Heng Wang & Associates, P.C.

### 305 Broadway, Suite 1000
### New York, NY 10007
### Phone: (212) 513-1183 Fax: (646) 572-8998

| | | | | | |
|---|---|---|---|---|---|
| 06/19/2020 | HW | A100 Activities<br>Email correspondence to opposing counsel re: employer's recent communication with client | 0.10 | 450.00 | 45.00 |
| 06/19/2020 | HW | A100 Activities<br>Email correspondence w/ client to clarify factual info | 0.20 | 450.00 | 90.00 |
| 06/19/2020 | HW | A100 Activities<br>Update case notes based on info just learned from client | 0.20 | 450.00 | 90.00 |
| 06/22/2020 | HW | A100 Activities<br>R/R 2 Emails from client re letter to employer | 0.10 | 450.00 | 45.00 |
| 06/22/2020 | JT | A100 Activities<br>Phone conference with client | 0.30 | 375.00 | 112.50 |
| 06/22/2020 | JT | A100 Activities<br>Revised letter to be mailed to client | 0.20 | 375.00 | 75.00 |
| 06/22/2020 | JT | A100 Activities<br>began preparing discovery demands | 0.60 | 375.00 | 225.00 |
| 06/24/2020 | JT | A100 Activities<br>Continued preparing discovery and researching pertinent discovery material in light of special healthcare statute; Phone conference with client; R/R Email from client re new case developments | 0.50 | 375.00 | 187.50 |
| 06/25/2020 | HW | A100 Activities<br>Email from client re: patient's niece's request to switch to another agency | 0.10 | 450.00 | 45.00 |
| 06/26/2020 | HW | A100 Activities<br>Phone conference w/ client to discuss current situation and her strategy | 0.80 | 450.00 | 360.00 |
| 06/26/2020 | JT | A100 Activities<br>R/R Email from client with prior paystubs attached; reviewed same | 0.20 | 375.00 | 75.00 |
| 06/26/2020 | JT | A100 Activities<br>Phone conference with HW and client to discuss case developments and case strategy | 0.80 | 375.00 | 300.00 |
| 06/26/2020 | JT | A100 Activities<br>R/R Another 2 emails from client with additional evidence/letters she received; reviewed same | 0.10 | 375.00 | 37.50 |
| 06/26/2020 | JT | A100 Activities<br>Another phone conference with client re evidence | 0.10 | 375.00 | 37.50 |

she sent us

| | | | | | |
|---|---|---|---|---|---|
| 06/29/2020 | JT | A100 Activities<br>Phone call to client – left vm; sent email to client re tasks we discussed with her last week; sent email to HW re: same | 0.10 | 375.00 | 37.50 |
| 06/29/2020 | JT | A100 Activities<br>Phone conference with client re tasks we discussed with her last week (communication with niece and co-worker) | 0.20 | 375.00 | 75.00 |
| 07/01/2020 | JT | A100 Activities<br>Finalized drafting of discovery demands and Initial disclosures and then sent to OC; additional legal research re NY Home Care Worker Wage Parity Act | 1.60 | 375.00 | 600.00 |
| 07/01/2020 | JT | A100 Activities<br>Phone conference with client re case strategy and updates | 0.50 | 375.00 | 187.50 |
| 07/02/2020 | JT | A100 Activities<br>Phone conference with client re: next case steps; phone conference with OC re discovery demands | 0.30 | 375.00 | 112.50 |
| 07/06/2020 | JT | A100 Activities<br>Phone conference with client re: journal, recordings, and letter | 0.20 | 375.00 | 75.00 |
| 07/08/2020 | JT | A100 Activities<br>R/R Email from client with case update and copy of signed letter; sent reply | 0.10 | 375.00 | 37.50 |
| 07/14/2020 | JT | A100 Activities<br>Phone conf w/ client re working conditions and efforts to take track of night tasks | 0.50 | 375.00 | 187.50 |
| 07/15/2020 | JT | A100 Activities<br>R/R Email from OC re change of counsel; sent reply | 0.10 | 375.00 | 37.50 |
| 07/16/2020 | HW | A100 Activities<br>Phone conference w/ client to discuss recent episode regarding company dropping the patient | 0.40 | 450.00 | 180.00 |
| 07/16/2020 | JT | A100 Activities<br>Phone call to OC Emina; Phone call to new counsel; sent email to both; R/R Email from OC Emina; R/R Email from new counsel; sent reply | 0.10 | 375.00 | 37.50 |
| 07/16/2020 | JT | A100 Activities<br>Phone conf w/ OC/EP re: case developments | 0.80 | 375.00 | 300.00 |
| 07/16/2020 | JT | A100 Activities | 0.40 | 375.00 | 150.00 |

Legal research re: NY Consumer directed personal assistance program

| 07/16/2020 | JT | A100 Activities | 0.40 | 375.00 | 150.00 |
| | | Phone conference with client re case developments | | | |
| 07/16/2020 | JT | A100 Activities | 0.20 | 375.00 | 75.00 |
| | | R/R Email with $10k settlement offer from OC; R/R Email from OC re: mediation; R/R 2nd Email from OC re: same with attachment(s); reviewed same | | | |
| 07/17/2020 | HW | A100 Activities | 0.10 | 450.00 | 45.00 |
| | | Receive and review email from mediator's office re: mediation | | | |
| 07/17/2020 | HW | A100 Activities | 0.10 | 450.00 | 45.00 |
| | | Note filing of notice of appearance of new defense counsel | | | |
| 07/17/2020 | HW | A100 Activities | 0.10 | 450.00 | 45.00 |
| | | Receive and review email from defense counsel re: settlement offer | | | |
| 07/17/2020 | JT | A100 Activities | 0.10 | 375.00 | 37.50 |
| | | R/R Email from mediation office | | | |
| 07/17/2020 | JT | A100 Activities | 0.10 | 375.00 | 37.50 |
| | | R/R Notice of Appearance from Brian Sokoloff Esq | | | |
| 07/17/2020 | JT | A100 Activities | 0.10 | 375.00 | 37.50 |
| | | Phone call + email to client re settlement update | | | |
| 07/17/2020 | JT | A100 Activities | 0.10 | 375.00 | 37.50 |
| | | Phone conference with client – I conveyed OC's $10,000 offer | | | |
| 07/20/2020 | JT | A100 Activities | 0.20 | 375.00 | 75.00 |
| | | R/R 3 Emails from OC re: mediation; sent replies; R/R 2 Emails from OC with attachment re Fidelis; reviewed same and then sent replies | | | |
| 07/21/2020 | JT | A100 Activities | 0.20 | 375.00 | 75.00 |
| | | R/R Emails from client with journal documents and audio recordings | | | |
| 07/22/2020 | HW | A100 Activities | 0.20 | 450.00 | 90.00 |
| | | Review client's emails, and listen to the attached recordings | | | |
| 07/22/2020 | HW | A100 Activities | 0.10 | 450.00 | 45.00 |
| | | Email correspondence to client re: recordings | | | |
| 07/22/2020 | HW | A100 Activities | 0.40 | 450.00 | 180.00 |
| | | Review journal client sent | | | |

| 07/22/2020 | HW | A100 Activities<br>Phone call to client re: her journal | 0.40 | 450.00 | 180.00 |
|---|---|---|---|---|---|
| 07/22/2020 | JT | A100 Activities<br>R/R 3 Emails from OC re: teleconference; sent replies | 0.20 | 375.00 | 75.00 |
| 07/22/2020 | JT | A100 Activities<br>Phone conference with client re journal entries and audio recordings; phone conference to OC re Fidelis document | 0.30 | 375.00 | 112.50 |
| 07/22/2020 | JT | A100 Activities<br>Performed additional research re: relationship between Fidelis, Medicaid and Community Healthcare as it relates to our client's NYLL claims; preparing outline of legal issues for mediation and discovery | 1.10 | 375.00 | 412.50 |
| 07/24/2020 | JT | A100 Activities<br>Sent email to 2 OC re teleconference; R/R 2 Emails from OC; sent reply | 0.20 | 375.00 | 75.00 |
| 07/24/2020 | JT | A100 Activities<br>Phone conference with OC | 0.40 | 375.00 | 150.00 |
| 07/24/2020 | JT | A100 Activities<br>R/R 2 Emails from OC with additional information regarding CDPAS program; research and reviewed same; R/R Email from OC re mediation scheduling; sent email to mediator re same | 0.40 | 375.00 | 150.00 |
| 07/28/2020 | JT | A100 Activities<br>Phone call + email to OC re mediation scheduling; R/R 3 Emails from OC re same; sent reply; phone conference with OC and Mediator | 0.30 | 375.00 | 112.50 |
| 07/28/2020 | JT | A100 Activities<br>Another Phone conference with mediator | 0.10 | 375.00 | 37.50 |
| 07/29/2020 | JT | A100 Activities<br>Analyzed the plaintiff's timesheets from OC | 0.60 | 375.00 | 225.00 |
| 07/30/2020 | JT | A100 Activities<br>R/R 4 Emails from OC re: settlement negotiations and re timesheets; sent replies | 0.20 | 375.00 | 75.00 |
| 07/30/2020 | JT | A100 Activities<br>Phone conference with client | 0.10 | 375.00 | 37.50 |
| 07/30/2020 | JT | A100 Activities<br>Phone conference with OC and the mediator | 1.00 | 375.00 | 375.00 |
| 07/30/2020 | JT | A100 Activities<br>Phone conference with OC after the conference | 0.10 | 375.00 | 37.50 |

call with mediator

| | | | | | |
|---|---|---|---|---|---|
| 07/30/2020 | JT | A100 Activities<br>2nd Phone conference with client re timesheets and re: new information provided by OC during conference call with mediator | 0.30 | 375.00 | 112.50 |
| 07/30/2020 | JT | A100 Activities<br>R/R 3 Emails from client with additional evidence including audio | 0.20 | 375.00 | 75.00 |
| 07/30/2020 | JT | A100 Activities<br>R/R Email from mediator with his mediation guidelines; reviewed same and then began preparing mediation statement | 0.50 | 375.00 | 187.50 |
| 08/04/2020 | JT | A100 Activities<br>Preparing position statements for upcoming Mediation | 0.90 | 375.00 | 337.50 |
| 08/06/2020 | JT | A100 Activities<br>Phone conference with client; sent email to client | 0.70 | 375.00 | 262.50 |
| 08/06/2020 | JT | A100 Activities<br>R/R Email + Discovery Demands from OC; began reviewing same and preparing responses | 1.20 | 375.00 | 450.00 |
| 08/07/2020 | JT | A100 Activities<br>Sent email to OC re conference; R/R Email from OC re: same; Phone conference with OC re discovery demands; R/R Email from OC re discovery deadlines; sent reply | 0.30 | 375.00 | 112.50 |
| 08/07/2020 | JT | A100 Activities<br>Continued preparing 2 sets of mediation statements (as per Mediator's directions) and performing additional legal research re: Healthcare worker statute and re: Medicaid regulations | 2.10 | 375.00 | 787.50 |
| 08/10/2020 | HW | A100 Activities<br>Analyze claims and underlying evidence | 0.80 | 450.00 | 360.00 |
| 08/10/2020 | HW | A100 Activities<br>Outline discovery items | 1.40 | 450.00 | 630.00 |
| 08/10/2020 | JT | A100 Activities<br>R/R Email from client with copy of letter received from employer; reviewed same; R/R Email from client re discovery teleconference; sent reply; R/R Email from SDNY Mediation office; sent reply; R/R Another Email from client; sent reply; R/R Email from OC re mediation; sent reply; R/R 5 Emails from client; sent reply | 0.30 | 375.00 | 112.50 |
| 08/10/2020 | JT | A100 Activities | 0.10 | 375.00 | 37.50 |

Phone conference with client

| | | | | | |
|---|---|---|---|---|---|
| 08/11/2020 | JT | A100 Activities<br>R/R 2 Emails from OC re mediation; sent reply | 0.10 | 375.00 | 37.50 |
| 08/11/2020 | JT | A100 Activities<br>Phone conference with client to go over discovery demands from OC | 0.80 | 375.00 | 300.00 |
| 08/11/2020 | JT | A100 Activities<br>R/R Multiple emails from client with documents for discovery production; analyzed same | 0.50 | 375.00 | 187.50 |
| 08/11/2020 | JT | A100 Activities<br>R/R Email from OC re mediation statement scheduling; sent reply | 0.10 | 375.00 | 37.50 |
| 08/12/2020 | JT | A100 Activities<br>R/R Multiple emails from client with additional evidence; analyzed same including audio file | 0.30 | 375.00 | 112.50 |
| 08/13/2020 | JT | A100 Activities<br>R/R Additional evidence and emails from client | 0.20 | 375.00 | 75.00 |
| 08/17/2020 | JT | A100 Activities<br>Preparing mediation statements and drafting discovery responses | 1.90 | 375.00 | 712.50 |
| 08/18/2020 | JT | A100 Activities<br>Preparing mediation statement + Preparing discovery responses | 0.70 | 375.00 | 262.50 |
| 08/20/2020 | JT | A100 Activities<br>Phone conference with client | 0.20 | 375.00 | 75.00 |
| 08/24/2020 | JT | A100 Activities<br>R/R Email from SDNY Mediation office; R/R Email from OC re same | 0.10 | 375.00 | 37.50 |
| 08/25/2020 | JT | A100 Activities<br>Sent email to OC re mediation statements; R/R Email from OC re same; sent reply; continued preparing mediation notes | 0.40 | 375.00 | 150.00 |
| 08/26/2020 | JT | A100 Activities<br>R/R 3 Emails from OC re mediation statement; sent reply; phone conference to OC re same | 0.20 | 375.00 | 75.00 |
| 08/26/2020 | JT | A100 Activities<br>Legal research re: NY Home Healthcare Aid Worker program (to be incorporated into mediation statement); continued preparing mediation statement and gathering documents for discovery responses | 0.80 | 375.00 | 300.00 |

# Heng Wang & Associates, P.C.

305 Broadway, Suite 1000
New York, NY 10007
Phone: (212) 513-1183 Fax: (646) 572-8998

| 08/27/2020 | JT | A100 Activities<br>Phone conference with client | 0.40 | 375.00 | 150.00 |
|---|---|---|---|---|---|
| 08/27/2020 | JT | A100 Activities<br>R/R Email from client | 0.10 | 375.00 | 37.50 |
| 08/31/2020 | JT | A100 Activities<br>R/R Email from mediator; sent reply; sent email to OC | 0.10 | 375.00 | 37.50 |
| 08/31/2020 | JT | A100 Activities<br>Performing legal research and preparing legal memorandum to mediator | 0.80 | 375.00 | 300.00 |
| 09/01/2020 | JT | A100 Activities<br>Phone conference with OC re: discovery deadlines | 0.20 | 375.00 | 75.00 |
| 09/01/2020 | JT | A100 Activities<br>Revised interrogatories to Defendants and then sent same via email to OC; continued preparing response memorandum of law for mediator | 1.40 | 375.00 | 525.00 |
| 09/03/2020 | JT | A100 Activities<br>Performing additional legal research re legal issue of joint employer and employer status; drafting legal brief | 3.90 | 375.00 | 1462.50 |
| 09/08/2020 | HW | A100 Activities<br>Receive and review email from client w/ attached time sheet | 0.10 | 450.00 | 45.00 |
| 09/08/2020 | HW | A100 Activities<br>Email correspondence to client re: journal | 0.10 | 450.00 | 45.00 |
| 09/08/2020 | JT | A100 Activities<br>R/R Email from client re journal entries and re: timesheet; reviewed same; R/R Email from HW re same; sent email to OC re discovery deadline/joint letter | 0.20 | 375.00 | 75.00 |
| 09/08/2020 | JT | A100 Activities<br>Continued legal research and drafting memorandum of law on joint employer legal issue; preparing for mediation | 3.80 | 375.00 | 1425.00 |
| 09/09/2020 | LA | A100 Activities<br>R/R Email from OC re joint letter; sent reply | 0.10 | 120.00 | 12.00 |
| 09/09/2020 | JT | A100 Activities<br>Continued performing legal research and gathering case facts re: joint employer legal issue and re: interplay between Medicaid/NY State and Community Health and continued preparing memo of law; analyzing D's discovery production | 1.60 | 375.00 | 600.00 |

# Heng Wang & Associates, P.C.

305 Broadway, Suite 1000
New York, NY 10007
Phone: (212) 513-1183 Fax: (646) 572-8998

| | | | | | |
|---|---|---|---|---|---|
| 09/10/2020 | JT | A100 Activities<br>Phone conference with client to gather additional factual info in connection with memorandum of law to mediator | 1.00 | 375.00 | 375.00 |
| 09/10/2020 | JT | A100 Activities<br>R/R 2 Emails from client with additional evidence | 0.10 | 375.00 | 37.50 |
| 09/10/2020 | JT | A100 Activities<br>Continued drafting and revising memorandum of law | 0.80 | 375.00 | 300.00 |
| 09/11/2020 | JT | A100 Activities<br>Finalized legal research and preparation of memorandum of law and transmitted to 2 OC and to mediator via email | 2.80 | 375.00 | 1050.00 |
| 09/16/2020 | JT | A100 Activities<br>R/R Email from OC with revised proposed joint letter; reviewed same and then sent reply | 0.20 | 375.00 | 75.00 |
| 09/17/2020 | HW | A100 Activities<br>Review email correspondence from defense counsel re: mediation | 0.10 | 450.00 | 45.00 |
| 09/17/2020 | JT | A100 Activities<br>R/R Email from mediation office; R/R Email from OC | 0.10 | 375.00 | 37.50 |
| 09/18/2020 | JT | A100 Activities<br>R/R Email from OC re joint letter; sent reply | 0.10 | 375.00 | 37.50 |
| 09/23/2020 | JT | A100 Activities<br>R/R Joint Motion from OC re discovery deadlines | 0.10 | 375.00 | 37.50 |
| 09/23/2020 | JT | A100 Activities<br>R/R 3 Emails from OC re settlement discussions; sent replies | 0.10 | 375.00 | 37.50 |
| 09/24/2020 | JT | A100 Activities<br>R/R 3 Emails from OC; sent reply; phone conference with OC re settlement positions; calculating potential damages for settlement discussions; R/R Court Order re discovery deadlines; R/R Email from OC re mediation scheduling and settlement position | 0.70 | 375.00 | 262.50 |
| 09/25/2020 | JT | A100 Activities<br>Creating timeline of hours worked and damages for upcoming mediation | 1.40 | 375.00 | 525.00 |
| 09/29/2020 | JT | A100 Activities<br>R/R 2 Emails from OC re: mediation and settlement negotiation; sent email to OC re same | 0.20 | 375.00 | 75.00 |

| 09/30/2020 | JT | A100 Activities<br>Continued analyzing documentation and discovery provided by OC | 1.40 | 375.00 | 525.00 |
| 09/30/2020 | JT | A100 Activities<br>Continued analyzing documentation and discovery provided by OC | 1.40 | 375.00 | 525.00 |
| 10/01/2020 | JT | A100 Activities<br>Sent email to OC re mediation scheduling; sent email to OC re scheduling order; preparing same | 0.30 | 375.00 | 112.50 |
| 10/01/2020 | JT | A100 Activities<br>Phone conference with client re case issues and concerns | 0.80 | 375.00 | 300.00 |
| 10/01/2020 | JT | A100 Activities<br>R/R 3 Emails from OC re change of counsel and mediation; sent replies | 0.10 | 375.00 | 37.50 |
| 10/01/2020 | JT | A100 Activities<br>Sent email to OC re mediation scheduling; sent email to OC re scheduling order; preparing same | 0.30 | 375.00 | 112.50 |
| 10/01/2020 | JT | A100 Activities<br>Phone conference with client re case issues and concerns | 0.80 | 375.00 | 300.00 |
| 10/01/2020 | JT | A100 Activities<br>R/R 3 Emails from OC re change of counsel and mediation; sent replies | 0.10 | 375.00 | 37.50 |
| 10/02/2020 | JT | A100 Activities<br>2 phone conferences to 2 OC re: scheduling order deadline | 0.20 | 375.00 | 75.00 |
| 10/02/2020 | JT | A100 Activities<br>Phone conference with mediator; prepared new scheduling order and then emailed to all counsel and mediator; R/R 2 Emails from OCs re scheduling order; sent replies; filed scheduling order on ECF | 0.50 | 375.00 | 187.50 |
| 10/05/2020 | HW | A100 Activities<br>Note e-filing of multiple notices of appearance | 0.10 | 450.00 | 45.00 |
| 10/05/2020 | JT | A100 Activities<br>R/R New Scheduling Order; R/R Notice of Appearance from Jalise Burt | 0.20 | 375.00 | 75.00 |
| 10/06/2020 | JT | A100 Activities<br>R/R Letter from OC re representation | 0.10 | 375.00 | 37.50 |
| 10/06/2020 | JT | A100 Activities<br>Preparing for upcoming mediation/analyzing payroll | 2.20 | 375.00 | 825.00 |

records

| 10/07/2020 | JT | A100 Activities<br>R/R Court Order denying OC's counsel's request; phone conf w/ OC/EP re mediation; R/R Email from OC re mediation; sent reply; phone conf with client re same | 0.20 | 375.00 | 75.00 |
|---|---|---|---|---|---|
| 10/08/2020 | JT | A100 Activities<br>R/R 2 Emails from new OC re: mediation; sent replies | 0.10 | 375.00 | 37.50 |
| 10/09/2020 | JT | A100 Activities<br>R/R Email from OC re mediation | 0.10 | 375.00 | 37.50 |
| 10/12/2020 | JT | A100 Activities<br>R/R 2 Emails from mediator re scheduling of mediation; R/R 2 Emails from OC/SP re: same; R/R Email from OC/EP re: same; sent email to mediator | 0.20 | 375.00 | 75.00 |
| 10/13/2020 | JT | A100 Activities<br>Phone conference with mediator re: upcoming mediation | 0.20 | 375.00 | 75.00 |
| 10/14/2020 | JT | A100 Activities<br>R/R Court notice re: mediation | 0.10 | 375.00 | 37.50 |
| 10/15/2020 | JT | A100 Activities<br>R/R Email from OC re mediation; sent reply | 0.10 | 375.00 | 37.50 |
| 10/16/2020 | JT | A100 Activities<br>Sent email to client re mediation | 0.10 | 375.00 | 37.50 |
| 10/16/2020 | JT | A100 Activities<br>Performed additional legal research re: CDPAP program | 0.40 | 375.00 | 150.00 |
| 10/16/2020 | JT | A100 Activities<br>Preparing for mediation | 0.40 | 375.00 | 150.00 |
| 10/19/2020 | JT | A100 Activities<br>Preparing evidence and records for next mediation | 1.40 | 375.00 | 525.00 |
| 10/20/2020 | JT | A100 Activities<br>Phone conference with mediator; sent email to all OC re teleconference; R/R Email from OC; sent reply; sent email to mediator; R/R Email from mediator re Monday conference | 0.30 | 375.00 | 112.50 |
| 10/26/2020 | JT | A100 Activities<br>R/R Email from mediator; sent reply; phone call from mediator | 0.20 | 375.00 | 75.00 |
| 10/26/2020 | JT | A100 Activities | 0.60 | 375.00 | 225.00 |

| Date | Atty | Activity | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Phone conference with mediator and OC | | | |
| 10/26/2020 | JT | A100 Activities<br>Add'l legal research re: interplay between Medicaid and our labor law claims; preparing evidence and documents for upcoming mediation | 1.70 | 375.00 | 637.50 |
| 10/28/2020 | JT | A100 Activities<br>Phone conference with client | 0.40 | 375.00 | 150.00 |
| 10/28/2020 | JT | A100 Activities<br>R/R Email from client; reviewed information link provided by client | 0.10 | 375.00 | 37.50 |
| 10/30/2020 | JT | A100 Activities<br>Analyzing discovery production from OC including pay records | 0.60 | 375.00 | 225.00 |
| 11/02/2020 | JT | A100 Activities<br>Analyzing discovery documentation and performing comprehensive discovery review for upcoming mediation and potential depositions if matter is not settled at mediation | 1.60 | 375.00 | 600.00 |
| 11/06/2020 | JT | A100 Activities<br>Continuing analysis of discovery material and underlying evidence for upcoming mediation; indexing evidence in file | 1.80 | 375.00 | 675.00 |
| 11/09/2020 | JT | A100 Activities<br>R/R Email from OC with copy of Defendants' new mediation statement; analyzed same; performed legal research re: cases cited by Defendants; analyzing Defendants' discovery responses; sent email to OC re discovery responses | 1.80 | 375.00 | 675.00 |
| 11/09/2020 | JT | A100 Activities<br>Phone conference with client re new allegations made by Defendants in today's mediation statement | 0.30 | 375.00 | 112.50 |
| 11/10/2020 | HW | A100 Activities<br>Review pay stubs client sent | 0.10 | 450.00 | 45.00 |
| 11/10/2020 | JT | A100 Activities<br>Finished analysis of documents produced by OC in discovery; Prepared damage calculations; performed sample calculations from timesheets produced by OC; R/R Email from OC re interrogatory responses; sent reply; finalized preparation for Monday's mediation; performed additional legal research re: 13-hour rule, CDPAP, and joint employer issue | 4.90 | 375.00 | 1837.50 |
| 11/10/2020 | JT | A100 Activities | 0.10 | 375.00 | 37.50 |

R/R Email from OC/SP re: upcoming mediation

| | | | | | |
|---|---|---|---|---|---|
| 11/10/2020 | JT | A100 Activities<br>R/R 2 Emails from client with additional evidence; 2 phone conferences with client re paid family leave | 0.30 | 375.00 | 112.50 |
| 11/11/2020 | JT | A100 Activities<br>Sent email to OC re: our interrogatories propounded upon Defendants; sent 2nd email to OC after reviewing prior correspondence between counsel; R/R Email from OC re same; R/R 2 Emails from mediator re: Monday mediation and with copy of SDNY confidentiality agreement; reviewed same; sent 2 emails to client re mediation and re confidentiality agreement; phone conference with client; phone conference with HW; R/R Another email from client with executed confidentiality agreement; sent reply | 0.50 | 375.00 | 187.50 |
| 11/12/2020 | HW | A100 Activities<br>Review and analyze underlying evidence, take notes accordingly | 1.50 | 450.00 | 675.00 |
| 11/12/2020 | HW | A100 Activities<br>Perform additional calculations for WTPA damages and prejudgment interest | 0.40 | 450.00 | 180.00 |
| 11/12/2020 | HW | A100 Activities<br>Email correspondence to defense counsel re: our damage calculations and potential settlement | 0.20 | 450.00 | 90.00 |
| 11/12/2020 | HW | A100 Activities<br>Email to mediator re: damage calculations and settlement demand | 0.10 | 450.00 | 45.00 |
| 11/12/2020 | HW | A100 Activities<br>Phone conference w/ mediator to discuss case issues and settlement position | 1.30 | 450.00 | 585.00 |
| 11/12/2020 | JT | A100 Activities<br>Phone call from mediator re upcoming mediation | 0.50 | 375.00 | 187.50 |
| 11/12/2020 | JT | A100 Activities<br>Phone call from client re Monday's mediation | 0.20 | 375.00 | 75.00 |
| 11/12/2020 | JT | A100 Activities<br>Phone conference with mediator | 0.10 | 375.00 | 37.50 |
| 11/12/2020 | JT | A100 Activities<br>Phone conference with Mediator Ira Block | 1.30 | 375.00 | 487.50 |
| 11/12/2020 | JT | A100 Activities<br>Performed legal research re: issue of fiscal intermediary status vs. employer status | 0.60 | 375.00 | 225.00 |

# Heng Wang & Associates, P.C.

305 Broadway, Suite 1000
New York, NY 10007
Phone: (212) 513-1183 Fax: (646) 572-8998

| 11/16/2020 | HW | A100 Activities<br>Receive and review email from mediator re: mediation | 0.10 | 450.00 | 45.00 |
|---|---|---|---|---|---|
| 11/16/2020 | HW | A100 Activities<br>Attend mediation | 3.40 | 450.00 | 1530.00 |
| 11/16/2020 | HW | A100 Activities<br>Email from mediator's office re: continued mediation | 0.10 | 450.00 | 45.00 |
| 11/16/2020 | HW | A100 Activities<br>Phone conference w/ client to discuss mediation today: explained positions taken by each side, evidence needed, and obtained client's approval of settlement demand of $100K on a take it or leave it basis | 0.80 | 450.00 | 360.00 |
| 11/16/2020 | JT | A100 Activities<br>R/R Email from mediator re today's mediation; Sent email to client re change in mediation time; phone call to client re same; R/R 2 Emails from OC re change in time and re mediation | 0.20 | 375.00 | 75.00 |
| 11/16/2020 | JT | A100 Activities<br>Performed additional legal research re: CDPAP/employer liability | 0.60 | 375.00 | 225.00 |
| 11/16/2020 | JT | A100 Activities<br>Mediation on Zoom | 3.40 | 375.00 | 1275.00 |
| 11/16/2020 | JT | A100 Activities<br>R/R Email from client (post-mediation); R/R Email from HW re: same; R/R Email from mediator with new Zoom link; sent email to client re same | 0.10 | 375.00 | 37.50 |
| 11/17/2020 | HW | A100 Activities<br>Update case notes based on info that came out during mediation yesterday and subsequent discussion with client after mediation | 0.30 | 450.00 | 135.00 |
| 11/17/2020 | HW | A100 Activities<br>Review and select evidence to be presented to opposing counsel for settlement purposes | 0.50 | 450.00 | 225.00 |
| 11/17/2020 | HW | A100 Activities<br>Draft email correspondence to opposing counsel re: settlement communication | 0.40 | 450.00 | 180.00 |
| 11/17/2020 | JT | A100 Activities<br>R/R Email from client with additional audio files; sent reply and then reviewed audio; R/R 2nd email from client with additional recordings; R/R Another email from client with additional journal entries; reviewed same as well as prior journal entries sent | 0.50 | 375.00 | 187.50 |

by client

| 11/18/2020 | JT | A100 Activities<br>R/R Email + additional journal entries from client; reviewed same and then sent reply email | 0.20 | 375.00 | 75.00 |
| 11/19/2020 | HW | A100 Activities<br>Phone conference w/ client to discuss recent communication b/w co-worker and client, and b/w the patient's niece and client | 0.80 | 450.00 | 360.00 |
| 11/19/2020 | JT | A100 Activities<br>Phone conference with HW and client re new case developments | 0.90 | 375.00 | 337.50 |
| 11/19/2020 | JT | A100 Activities<br>R/R Email from client | 0.10 | 375.00 | 37.50 |
| 11/19/2020 | JT | A100 Activities<br>Preparing discovery responses | 0.50 | 375.00 | 187.50 |
| 11/20/2020 | JT | A100 Activities<br>Continued preparing discovery responses | 0.40 | 375.00 | 150.00 |
| 11/23/2020 | HW | A100 Activities<br>Attend mediation | 2.60 | 450.00 | 1170.00 |
| 11/23/2020 | HW | A100 Activities<br>Phone conference w/ client to explain further steps after mediation | 0.10 | 450.00 | 45.00 |
| 11/23/2020 | JT | A100 Activities<br>Phone call to client re mediation | 0.10 | 375.00 | 37.50 |
| 11/23/2020 | JT | A100 Activities<br>Zoom Mediation | 2.60 | 375.00 | 975.00 |
| 11/23/2020 | JT | A100 Activities<br>Phone conference with HW and client after the mediation | 0.20 | 375.00 | 75.00 |
| 11/27/2020 | HW | A100 Activities<br>Note ECF notice re: mediator's final report | 0.10 | 450.00 | 45.00 |
| 11/30/2020 | JT | A100 Activities<br>R/R Order re dismissal | 0.10 | 375.00 | 37.50 |
| 12/01/2020 | HW | A100 Activities<br>Email correspondence to defense counsel re: breakdown of settlement payment | 0.10 | 450.00 | 45.00 |
| 12/01/2020 | HW | A100 Activities<br>Email correspondence to client to explain what will happen going forward | 0.10 | 450.00 | 45.00 |

# Heng Wang & Associates, P.C.

305 Broadway, Suite 1000
New York, NY 10007
Phone: (212) 513-1183 Fax: (646) 572-8998

| 12/02/2020 | HW | A100 Activities<br>Receive and review settlement agreement from opposing counsel via email | 0.40 | 450.00 | 180.00 |
| 12/02/2020 | JT | A100 Activities<br>R/R Email + proposed settlement agreement from OC; analyzing same | 0.30 | 375.00 | 112.50 |
| | | **For professional services rendered** | **136.30** | | **$53,325.00** |

**Additional Charges**

| Date | | Details | Quantity | Rate | Amount |
| --- | --- | --- | --- | --- | --- |
| 02/13/2020 | LA | E100 Expenses<br>filing fee | 1 | 400.00 | 400.00 |
| 06/23/2020 | LA | E100 Expenses<br>mail | 1 | 1.00 | 1.00 |
| 09/11/2020 | JT | E100 Expenses<br>LexisNexis legal research | 1 | 279.00 | 279.00 |
| 11/09/2020 | LA | E100 Expenses<br>copy expenses | 103 | 0.25 | 25.75 |
| 11/16/2020 | LA | E100 Expenses<br>copy expenses | 262 | 0.25 | 65.50 |
| | | **Total additional charges** | | | **$771.25** |

| | |
| --- | --- |
| **Finance Charges** | **$0.00** |
| **Invoice Amount** | **$54,096.25** |
| **Payment Received** | **$0.00** |
| **Remaining Balance** | **$54,096.25** |
| **Previous Invoices Balance** | **$0.00** |
| **Balance Due** | **$54,096.25** |